**NORTON ROSE FULBRIGHT US LLP**
BRIAN A. SUN (BAR NO. 89410)
PHILLIP R. DI TULLIO (BAR NO. 324267)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
brian.sun@nortonrosefulbright.com
phillip.ditullio@nortonrosefulbright.com

Attorneys for Plaintiff
THE RONALD REAGAN PRESIDENTIAL
FOUNDATION AND INSTITUTE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RONALD REAGAN PRESIDENTIAL FOUNDATION AND INSTITUTE, a California Non-Profit Public Benefit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> POLITICAL MEDIA, INC., a Virginia Corporation; CONSTITUTIONAL RIGHTS PAC, an I.R.S. Code Section 527 Organization; and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | Case No. <br><br> **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** <br><br> (1) Federal Trademark Infringement in Violation of 15 U.S.C. Section 1114; <br> (2) Unfair Competition in Violation of 15 U.S.C. Section 1125; <br> (3) Cyberpiracy in Violation of 15. U.S.C. Section 1125; <br> (4) Trademark and Tradename Infringement; <br> (5) Right of Publicity in Violation of California Civil Code Section 3344.1; and <br> (6) Unfair Competition in Violation of California Business and Professions Code Section 17200 <br><br> **Demand for a Jury Trial** |

Plaintiff The Ronald Reagan Presidential Foundation and Institute (the "Reagan Foundation" or "Plaintiff") alleges as follows:

## PARTIES

1.      Plaintiff is a non-partisan California non-profit public benefit

corporation with a principal place of business at 40 Presidential Drive, Suite 200, Simi Valley, California 93065.

2.    Defendant Political Media, Inc. ("Political Media") is a Virginia corporation maintaining its principal place of business at 1750 Tysons Blvd., Ste. 1500, Mc Lean, VA, 22102 - 4200.

3.    Defendant Constitutional Rights PAC ("CRPAC") is a hybrid/super political action committee maintaining its principal place of business at 1750 Tysons Blvd., Ste. 1500, Mc Lean, VA, 22102 - 4200.

4.    On information and belief, Defendants Political Media and CRPAC are and at all relevant times were acting as the agents, employees, and/or representatives of each other in connection with the conduct alleged herein. Indeed, according to a recent Federal Election Commission filing, Political Media and CRPAC share the same address and the email address of Political Media's President and founder, Lawrence Ward. Furthermore, on information and belief, Political Media and CRPAC are funded through joint-fundraising efforts, the proceeds of which are used to finance their business activities. Hereinafter, Political Media and CRPAC will be referred to jointly as "Defendants."

5.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 – 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when they are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of those DOE Defendants conspired with, assisted, or is responsible in some manner for the occurrences and actions of the Defendants alleged herein, and that Plaintiff's damages as alleged herein were directly and proximately caused by their conduct.

## NATURE OF THIS ACTION AND JURISDICTION OF THIS COURT

6.    This is an action for trademark infringement, unfair competition, and cyberpiracy under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq.

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

("Lanham Act"), and trademark infringement, unfair competition, and infringement of the right of publicity under the statutory and common law of California.

7.    This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action for violation of the Lanham Act, 15 U.S.C. § 1051 et seq., and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims. This Court also has subject matter jurisdiction on the separate and independent ground of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

8.    The Court has personal jurisdiction over Defendants because Defendants deliberately directed their business activities in this State, and/or has committed and is committing torts in whole or in part in this State, as described below, including without limitation, acts of trademark infringement, unfair competition, cyberpiracy, and violating Plaintiff's right of publicity. Specifically, Defendants aimed their unlawful activity at California by sending emails to its residents illegally using Plaintiff's name, image, and trademark to advertise, market, and sell products. Defendants have committed and are committing intentional acts as described above that are expressly aimed at the Reagan Foundation and its intellectual property within both the State of California and this District; Defendants' actions have caused actual harm that Defendants knew was likely to be suffered in the State of California and this District. Based on the foregoing, this Court has long-arm personal jurisdiction over Defendants.

9.    A substantial part of the events giving rise to the claims asserted, *infra*, occurred in this District. Moreover, a substantial part of the intellectual property that is the subject of the action is situated in this District. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

10.    Defendants are subject to personal jurisdiction in this District. Accordingly, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

## PLAINTIFF THE REAGAN FOUNDATION AND ITS OWNERSHIP OF RONALD REAGAN'S RIGHT OF PUBLICITY

11.　During his lifetime, the late President Ronald Wilson Reagan ("President Reagan") created the Reagan Foundation to preserve and promote his principles of individual liberty, economic opportunity, global democracy, and national pride. President Reagan was aware that commercial enterprises and politically motivated persons and entities would attempt to appropriate his name to sell products or imply endorsements. President Reagan took steps to ensure that the Foundation, as the institution he chose to preserve and protect his legacy, would have the right to protect his name and likeness and prevent unauthorized and unlawful uses.

12.　Towards that end, pursuant to a license agreement executed on or about September 7, 2007, between the Reagan Foundation and trusts created during President Reagan's lifetime and that of his late wife Nancy Reagan, the Reagan Foundation was granted the exclusive, worldwide right to use President Reagan's name and likeness for any purpose, including commercial purposes. Following the passing of Nancy Reagan, the rights were assigned to the Reagan Foundation from the Reagan Family Trust, on or about July 16, 2018, pursuant to the terms of Reagan Family Trust.

13.　As a result, the Reagan Foundation owns the rights of publicity of President Reagan, including his likeness and name, recognized under California law, including Cal. Civ. Code § 3344.1, and any other state, federal, or foreign law.

14.　The Reagan Foundation filed its Registration of Claim as Successor-in-Interest to President Reagan's right of publicity with the California Secretary of State pursuant to Cal. Civ. Code § 3344.1(f) and said claim was recorded on May 6, 2019.

## PLAINTIFF THE REAGAN FOUNDATION AND ITS TRADEMARKS

15.　The Reagan Foundation operates the Ronald Reagan Presidential Library and Museum located in Simi Valley, California, dedicated on November 4,

1991 (the "Reagan Library"). The Reagan Library houses over 55 million pages of Gubernatorial, Presidential and personal papers and over 60,000 gifts and artifacts chronicling the lives of Ronald and Nancy Reagan. It now also serves as the final resting place of America's 40th President and his first lady. Approximately 1,000 visitors from across the United States and around the world visit the Reagan Library each day. The Reagan Foundation regularly hosts educational and entertainment events at the Reagan Library. The Reagan Library has been the site of nationally recognized events, including President Reagan's funeral on June 11, 2004; a discussion and press conference with then-Secretary of State Condoleezza Rice and Australian Foreign Minister Alexander Downer on May 23, 2007; the first 2008 Republican Party Presidential Primary Debate on May 3, 2007; the 2012 Republican Party Presidential Debate on September 7, 2011; and the 2016 Republican Party Presidential Debate on September 16, 2015.

16.    In furtherance of its mission, the Reagan Foundation operates the website located at www.reaganfoundation.org through which it offers various goods and services and promotes the enduring legacy of President Reagan. The Reagan Foundation uses its website as a means of raising funds and soliciting donations to the Reagan Foundation. The Reagan Foundation operates an online gift shop and a retail store at the Reagan Library, both of which sell goods incorporating President Reagan's name and image and other aspects of his persona. The Reagan Foundation derives substantial revenue from these sales, which helps the Reagan Foundation sustain its mission. Individuals from across the country may access the Reagan Foundation's website, including the online gift shop, to purchase the goods and services offered by the Reagan Foundation.

17.    Pursuant to the rights granted to the Foundation and its use, the Reagan Foundation owns the mark RONALD REAGAN in various stylizations and forms (referred to herein as the "RONALD REAGAN Mark") and has multiple trademark registrations for the RONALD REAGAN Mark covering a wide array of goods and

services, including educational services and charitable fundraising services. The Reagan Foundation commenced use of the RONALD REAGAN Mark in commerce which may lawfully be regulated by Congress when the Reagan Library opened in 1991. Since that time, The Reagan Foundation has continuously used the RONALD REAGAN Mark.

18.    The RONALD REAGAN Mark is inherently distinctive and serves to identify and indicate the source of the Reagan Foundation's products and services to the consuming public.

19.    As a result of the long use and promotion of the RONALD REAGAN Mark by the Reagan Foundation, the RONALD REAGAN Mark has become distinctive to designate the Reagan Foundation, and to distinguish the Reagan Foundation and its products and services from those of other businesses. As a result of these efforts by the Reagan Foundation, the consuming public in California and throughout the United States widely recognizes and associates the RONALD REAGAN Mark with the Reagan Foundation and its diverse offering of products and services.

20.    The RONALD REAGAN Mark is widely recognized by the general consuming public of the United States as a designation of source of the Reagan Foundation's goods and services.

21.    As a result of the Reagan Foundation's long use and promotion of the RONALD REAGAN Mark in California and elsewhere, the Reagan Foundation has acquired valuable common law rights in the RONALD REAGAN Mark.

22.    The Reagan Foundation owns U.S. Trademark Registration No. 5,167,497 for the mark RONALD REAGAN. True and correct copies of the registration certificate and United States Patent and Trademark Office ("USPTO") status records therefor are attached hereto as **Exhibit A** and incorporated herein by this reference. This registration is valid, subsisting, and in full force and effect for the goods and services registered. Pursuant to 15 U.S.C. § 1057(b), this registration is

prima facie evidence of the validity of the registered mark and of the registration of the mark, of the Reagan Foundation's ownership of the mark and the Reagan Foundation's exclusive right to use the registered mark in commerce on or in connection with the goods and services specified in the registration. Pursuant to 15 U.S.C. § 1072, U.S. Trademark Registration No. 5,167,497 constitutes constructive notice to Defendants as to the Reagan Foundation's claim of ownership of the registered mark.

23.    The Reagan Foundation also owns U.S. Trademark Registration No. 3,933,461 for the mark RONALD REAGAN stylized in the form of President Reagan's signature ("RONALD REAGAN Stylized"). True and correct copies of the registration certificate and USPTO status records therefor are attached hereto as **Exhibit B** and incorporated herein by this reference. This registration is valid, subsisting and in full force and effect for the goods registered. Pursuant to 15 U.S.C. § 1072, U.S. Trademark Registration No. 3,933,461 constitutes constructive notice to Defendants as to the Reagan Foundation's claim of ownership of the registered mark.

24.    In accordance with the provisions of Section 15 of the Lanham Act, 15 U.S.C. § 1065, U.S. Registration No. 3,933,461 for the mark RONALD REAGAN Stylized is incontestable. This incontestable registration constitutes conclusive evidence of the validity of the mark and of the registration of the mark, the Reagan Foundation's ownership of the mark and the Reagan Foundation's exclusive right to use the mark in commerce for the goods identified in the registration. 15 U.S.C. § 1115(b).

## DEFENDANTS' ACTIVITIES

25.    On information and belief, Defendant Political Media is in the business of political consulting. On information and belief, Defendant Political Media is advertising and selling various Internet and social media services including web design and email services to its clients. Defendant Political Media purports to couple

advanced technological solutions with cutting edge creative design. Defendant Political Media advertises its consulting services at the website at www.politicalmedia.com. True and correct copies of pages from Defendant Political Media's website are attached as **Exhibit C**. A true and correct copy of the registrar's Whois record for the POLITICALMEDIA.COM domain name is attached as **Exhibit D,** identifying Political Media as the owner of the domain name. On information and belief, Lawrence Ward is the president of Political Media.

26.    On information and belief, Defendant CRPAC is in the business of influencing political issues through "direct action" and information. Further, on information and belief, Political Media and CRPAC are funded through joint-fundraising efforts, the proceeds of which are used to finance their business activities. True and correct copies of pages from CRPAC's website at www.constitutionalrightspac.com (the "CRPAC Website") are attached as **Exhibit E**. Political Media's Lawrence "Larry" Ward is identified on the CRPAC Website as the Chief Executive Officer and President of CRPAC. The CRPAC Website also lists Carter Clews as "the godfather," and Jesse Benton as Executive Director of CRPAC.

27.    On information and belief, Political Media and CRPAC regularly engage in joint advertising campaigns aimed at raising funds to finance their joint business activities.

28.    On or about June 10, 2021, the Reagan Foundation was alerted to Defendants' advertisement below appearing in an email purporting to be a newsletter:



A true and correct copy of an email received, with the recipient's name redacted, is attached hereto as **Exhibit F**. The recipient was an employee of Plaintiff and a resident of California. Clicking on the advertisement in the email directed to Defendant's Trump Reagan Website referred to below. A true and correct copy of the Trump Reagan Website page to which the email advertisement redirects is also included within **Exhibit F**.

29.    On information and belief, in or about June 2021, Defendants began to use President Reagan's name and image to advertise, market, and sell @trumpreagan email addresses and to solicit donations using the name and mark TRUMP REAGAN and/or Trump-Reagan Club and to use the domain names TRUMPREAGAN.US, TRUMPREAGAN.COM and REAGANTRUMP.COM to direct to Defendants' website hosted at www.trumpreagan.us (the "Trump Reagan Website"). Like the CRPAC Website, Political Media's Lawrence Ward is identified on the Trump Reagan Website as the Chief Executive Officer and President of "Trump Reagan". Like the CRPAC Website, the Trump Reagan Website also lists Carter Clews as "the

godfather," and Jesse Benton as Executive Director of "Trump Reagan." True and correct copies of pages from the Trump Reagan Website identifying same are attached as **Exhibit G**.

30.   On information and belief, Defendants registered the domain names TRUMPREAGAN.COM and TRUMPREAGAN.US on August 1, 2019 and April 15, 2021, respectively, in the name of Political Media. True and correct copies of the registrar's WhoIs records for these domain names are attached hereto as **Exhibit H**. Ward is identified as the contact for TRUMPREAGAN.US. In addition, on April 15, 2021, on information and belief, Defendants registered the domain name REAGANTRUMP.COM, now pointing to the Trump Reagan Website.  A true and correct copies of the registrar's WhoIs records for the domain name REAGANTRUMP.COM are also attached hereto within **Exhibit H**, showing the registrant information is masked by a privacy service.  On information and belief, Defendants had no use of TRUMP REAGAN and/or Trump-Reagan Club as a business name or mark when they registered the TRUMPREAGAN.COM, TRUMPREAGAN.US and REAGANTRUMP.COM domain names and began to use the domain names to direct to the Trump Reagan Website in or about June 2021.

31.   On information and belief, Defendants created and operate the Trump Reagan Website to solicit monetary contributions using President Reagan's name and image, to market email addresses that unlawfully appropriate President Reagan's name, and for other purposes, commercial and otherwise, including to Internet users in California and in this District.

32.   The Trump Reagan Website's homepage banner advertises "**MAKE EMAIL GREAT AGAIN.** Join the **Trump-Reagan Club** to get your own **@trumpreagan.com** email address with a monthly donation of **ANY** amount." Then, at the bottom of the page, visitors are again invited to "JOIN OUR TEAM. Join the Trump Reagan club to get your own @ trumpreagan.com email address for $ANY MONTHLY DONATION." Clicking within that page access a page to

register be added to the waiting list for an email address. Throughout the website, the below graphic stating "WE ARE TRUMP REAGAN" is featured prominently. *See* **Exhibit G**.



33.     The Trump Reagan Website's "Donate" page encourages visitors to "Fund the Fight" and "Join the Trump-Reagan Club to get your own @trumpreagan.com email address with a monthly donation of ANY amount." Throughout the website, images of President Reagan spliced together with images of President Trump are featured prominently, including, e.g., on the "Donate" page. *See* **Exhibit G**.

34.     On information and belief, the "Trump-Reagan Club" exists in name only as a gimmick to sell email addresses and solicit money for Defendants' purposes.

35.     Defendants have also registered a Facebook page (https://www.facebook.com/Trump-Reagan-100397985527735) and Twitter account (https://twitter.com/TrumpReagan) incorporating the Reagan name. True and correct printouts from these pages are attached hereto as **Exhibit I**.

36.     Defendants have directed advertisements and solicitations into the State of California via web and email advertising. Furthermore, the Trump Reagan Website and social media pages are accessible from this District and across the State of California and elsewhere.

37.     The Trump Reagan Website states that it is "paid for" by CRPAC and

identifies the domain name CONSTITUTIONALRIGHTSPAC.COM. *See* **Exhibit G**.   On information and belief, CONSTITUTIONALRIGHTSPAC.COM is but another domain name owned by Defendants, registered in the name of Political Media and pointing to the CRPAC Website soliciting financial contributions. A true and correct copy of the WhoIs record for CONSTITUTIONALRIGHTSPAC.COM is attached hereto as **Exhibit J**.

38.    On information and belief, the so-called "Trump-Reagan Club" is yet another fundraising arm of CRPAC and Political Media. Furthermore, on information and belief donations to the so-called "Trump-Reagan Club" have been and will be used to fund Defendants' joint business activities.

39.    Defendants' use of President Reagan's name and image in connection with the Trump Reagan Website and Defendants' business activities and sale of email addresses is knowing and clearly intended to foster an association with President Reagan and to create the impression on the part of potential customers that Defendants' products and services are endorsed by the Reagan Foundation as the owner of President Reagan's name and image.

40.    Defendants' use of the Trump Reagan Website and President Reagan's name and image falsely indicates to the relevant consumers that Defendants, their business, and their goods or services originate with Plaintiff, or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff or its products and services.

41.    Defendants' use of President Reagan's name and image in combination with former President Donald Trump's name and image falsely indicates to the relevant consumers that the Trump Reagan Website and the so-called Trump Reagan Club are a co-branding effort between the Reagan Foundation and former President Donald Trump or that they originate from the Reagan Foundation, former President Trump and Defendants acting together and/or that the Reagan Foundation and President Trump are affiliated, connected, or associated with each other, or are

sponsored, endorsed, or approved by Plaintiff and former President Trump, or are in some manner related.

42.    Defendants' use of the Reagan name and image enables Defendants to trade on, usurp, and receive the benefit and goodwill in the RONALD REAGAN Mark built up at great labor and expense over many years by the Reagan Foundation, and to gain acceptance for Defendants' goods and services based on the reputation of Plaintiff and its goods and services, and the goodwill in the RONALD REAGAN Mark.

43.    Defendants' use of the Reagan name enables them to palm off their goods and services on the unsuspecting public as those of the Reagan Foundation.

44.    Defendants' use of the Reagan name removes from Plaintiff the ability to control the nature and quality of goods and services provided under the RONALD REAGAN Mark, and places the valuable reputation of Plaintiff and goodwill in the RONALD REAGAN Mark in the hands of Defendants, over whom Plaintiff has no control.

45.    Defendants' knowing use of President Reagan's Persona is wholly without consent or authorization. Defendants never requested to use President Reagan's name or likeness in connection with the name or operation of a website, the sale of email addresses, or for any other use.

46.    Defendants' activities described in paragraphs 25 through 45 above are hereafter collectively referred to as the "Infringing Uses."

47.    Plaintiff has objected to Defendants' Infringing Uses, but, despite demand, Defendants have not ceased their wrongful conduct.

48.    Defendants' Infringing Uses in commerce are without the permission, license or authority of Plaintiff.

49.    On information and belief, Defendants began their infringement of the RONALD REAGAN Mark and President Reagan's Persona with full knowledge of

the RONALD REAGAN Mark's prior registration and/or use of the RONALD REAGAN Mark.

50.     Defendants are engaging in the Infringing Uses in commerce in the United States, and in this District, in an effort to trade on the reputation of Plaintiff and the valuable goodwill in the RONALD REAGAN Mark and President Reagan's Persona.

51.     The activities of Defendants have caused irreparable injury to Plaintiff, and unless restrained by this Court, will continue to cause irreparable injury to Plaintiff. There is no adequate remedy at law for this injury.

52.     As a result of Defendants' Infringing Uses, Defendants are being unjustly enriched at the expense of Plaintiff and the public.

53.     Defendants' acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Plaintiff's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FIRST CAUSE OF ACTION

Federal Trademark Infringement in Violation of 15 U.S.C. Section 1114

(Against All Defendants)

54.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-53 as though fully stated herein.

55.     The acts of Defendants complained of herein constitute infringement of the federally registered RONALD REAGAN Mark in violation of 15 U.S.C. § 1114(1).

56.     The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

57.     Under 15 U.S.C. § 1116(a), Plaintiff is entitled to a presumption that it suffered irreparable harm upon a finding of infringement. Accordingly, having

alleged facts sufficient to establish its claims for trademark infringement under 15 U.S.C. § 1114(1), Plaintiff is presumed to have suffered irreparable harm and this Court should enjoin Defendants' actions complained of herein.

58.    Further, Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## SECOND CAUSE OF ACTION

Unfair Competition in Violation of 15 U.S.C. Section 1125

(Against All Defendants)

59.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-58 as though fully stated herein.

60.    The acts of Defendants complained of herein constitute unfair competition, trademark infringement, false designations of origin, and false or misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

61.    The nature of Defendants' acts in violation of Section 43(a) of the Lanham Act complained of herein and/or Defendant's willfulness and bad faith, make this an exceptional case under 15 U.S.C. § 1117.

62.    Under 15 U.S.C. § 1116(a), Plaintiff is entitled to a presumption that it suffered irreparable harm upon a finding of unfair competition as a result of infringement. Accordingly, having alleged facts sufficient to establish its claim for unfair competition under 15 U.S.C. § 1125(a)(1)(A), Plaintiff is presumed to have suffered irreparable harm and this Court should enjoin Defendants' actions complained of herein.

63.    Further, Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## THIRD CAUSE OF ACTION

Cyberpiracy in Violation of 15. U.S.C. Section 1125

(Against All Defendants)

64.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-63 as though fully stated herein.

65.    Defendants have registered, trafficked in, and/or used the TRUMPREAGAN.COM, TRUMPREAGAN.US, and REAGANTRUMP.COM domain names.

66.    The TRUMPREAGAN.COM, TRUMPREAGAN.US and REAGANTRUMP.COM domain names incorporate the Reagan name and are confusingly similar to the RONALD REAGAN Mark.

67.    The RONALD REAGAN Mark was distinctive at the time Defendants registered the domain names.

68.    Defendants' acts complained of herein evidence its bad faith intent to profit from the RONALD REAGAN Mark.

69.    The acts of Defendants complained of herein constitute cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

70.    Under 15 U.S.C. § 1116(a), Plaintiff is entitled to a presumption that it suffered irreparable harm upon a finding of infringement and cyberpiracy. Accordingly, having alleged facts sufficient to establish its claim for cyberpiracy under 15 U.S.C. § 1125(d), Plaintiff is presumed to have suffered irreparable harm and this Court should enjoin Defendants' actions complained of herein

71.    Defendants' actions have caused injury to the Reagan Foundation, and as such Plaintiff is entitled to damages caused thereby, including statutory damages pursuant to Section 25 of the Lanham Act, 15 U.S.C. § 1117, which provides for awards up to $100,000 per domain name.

## **FOURTH CAUSE OF ACTION**

Trademark and Tradename Infringement

(Against All Defendants)

72.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-71 as though fully stated herein.

73.    The acts of Defendants complained of herein constitute trademark and trade name infringement in violation of the common law of California.

74.    The acts of Defendants have been conducted maliciously, fraudulently, deliberately, and intentionally to inflict injury on Plaintiff.

75.    Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## FIFTH CAUSE OF ACTION

Right of Publicity in Violation of California Civil Code Section 3344.1

(Against All Defendants)

76.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-75 as though fully stated herein.

77.    Defendants have knowingly used President Reagan's name and likeness for various commercial purposes, including in connection with the Trump Reagan Website and the sale of email addresses. By intending to draw an association to President Reagan, Defendants' use of the name and likeness is intentional, willful, and knowing.

78.    Defendants' use of President Reagan's name and likeness is for a commercial purpose. Through the Trump Reagan Website, Defendants solicit monetary contributions; have sold and continue to sell email addresses incorporating President Reagan's name; and otherwise gained commercial advantage. Defendants have profited from these sales and use.

79.    Defendants' use of President Reagan's name and likeness is wholly unauthorized. Defendants never sought consent or permission to operate the Trump Reagan Website or to sell any goods or services under President Reagan's name. Further, Defendants' continued use of the name and likeness even after receiving a cease and desist letter from the Reagan Foundation shows the intentional and wrongful nature of Defendants' use.

80.    Defendants' use of President Reagan's name and likeness has caused the Reagan Foundation harm. The value of email addresses sold by Defendant and the Trump Reagan Website is not their utility but rather the association they create with the late President Reagan and the image and ideas he represents. By soliciting funds and selling products and merchandise under the label "Trump Reagan" and bearing the words "TRUMP REAGAN" and "Trump-Reagan Club," Defendants are directly profiting off this association, thereby causing the Reagan Foundation harm.

81.    The Reagan Foundation registered its ownership of the late President Reagan's rights of publicity on or about May 6, 2019.

82.    Defendants' conduct has irreparably damaged, and will continue to irreparably damage Plaintiff. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct and resulting injuries. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining Defendants from any further acts of violating the Reagan Foundation's rights of publicity in President Reagan's name and likeness.

83.    Additionally, as a result of Defendants' unauthorized use of President Reagan's name and likeness, the Reagan Foundation has suffered damages and will continue to suffer damages until Defendants' conduct stops. The Reagan Foundation therefore demands an award of statutory damages or actual damages resulting from the unauthorized use, whichever is greater and according to proof.

84.    Defendants' continued use of President Reagan's name and likeness, continued operation of the Trump Reagan Website, and continued solicitations and sales of goods and/or services under the label "Trump Reagan" and bearing the words "TRUMP REAGAN" and "Trump-Reagan Club," despite knowledge that the Reagan Foundation does not condone, permit, or authorize this conduct, demonstrates malice, oppression, and fraud and entitles the Reagan Foundation to an award of punitive damages pursuant to Civil Code § 3344.1.

85.    Based on the foregoing, The Reagan Foundation is entitled to injunctive relief to remedy Defendant's misconduct.

## SIXTH CAUSE OF ACTION

Unfair Competition in Violation of California Business and Professions Code Section 17200, *et seq.*

(Against All Defendants)

86.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-85 as though fully stated herein.

87.    The acts of Defendants complained of herein constitute fraudulent, unfair and/or unlawful business practices in violation of California Business & Professions Code § 17200 *et seq.*

88.    Defendants' wrongful and unauthorized use of President Reagan's name and likeness in connection with the Trump Reagan Website and the sale of email addresses violates Civil Code § 3344.1.

89.    Defendants' unauthorized use of President Reagan's persona, including the naming and operation of the Trump Reagan Website, the solicitation of funds under the Reagan name, and the unauthorized sales of goods and/or services under the label "Trump Reagan" and bearing the words "TRUMP REAGAN" and "Trump-Reagan Club," constitute unlawful and unfair business practices.

90.    As a result of Defendants' unauthorized, unlawful, and commercial use of President Reagan's name and likeness, Defendants have directly profited, harmed The Reagan Foundation, and violated California Business & Professions Code § 17200 *et seq.*

91.    The Reagan Foundation is entitled to restitution for all profits Defendants have gained through their unauthorized and unlawful use and sales.

92.    Defendants' conduct has irreparably damaged, and will continue to irreparably damage Plaintiff. Given Defendants' continued refusal to cease use of President Reagan's name and likeness, the Reagan Foundation is entitled to

injunctive relief barring any future violations of the statutory or common law right to publicity, including barring the use of "Trump Reagan" in connection with any website, barring the solicitation of funds under the Reagan name, barring the labeling of goods or services under the label "Trump Reagan" or "Trump-Reagan Club," and barring any other infringement of rights held by the Reagan Foundation. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct and resulting injuries. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining Defendants from any further acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendants as follows:

1.    Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from:

(a)    Engaging in the Infringing Uses and the use of any mark, name, domain name, social media handle or other designation which depicts, contains, or consists of any name or mark confusingly similar to the RONALD REAGAN Mark, including, without limitation, "TRUMP REAGAN";

(b)    Advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all internet web pages, advertisements, marketing or promotional materials, signage, banners, invoices, pamphlets, leaflets, flyers and the like comprising or containing the Infringing Uses or the RONALD REAGAN Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, social media handle or other designation which depicts, contains, or consists of any name or mark confusingly similar to the RONALD REAGAN Mark;

(c)    Registering, attempting to register, or maintaining any trademark

registration, trademark, trade name, domain name, trade designation, social media handle or other indicia of origin or source comprising or containing the Infringing Uses, or the RONALD REAGAN Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, social media handle or other designation which depicts, contains, or consists of any name or mark confusingly similar to the RONALD REAGAN Mark;

(d)    Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the RONALD REAGAN Mark;

(e)    Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Plaintiff's trademark rights in the RONALD REAGAN Mark, or to confuse, mislead, or deceive members of the public as to sponsorship, approval or affiliation of Plaintiff by, with, or of Defendants, and;

(f)    Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2.    Consistent with paragraph (1) above, Defendants be ordered to remove from display any advertisements or marketing materials comprising or containing the Infringing Uses or bearing or depicting the RONALD REAGAN Mark, or any word or words confusingly similar thereto, including all internet web pages. Defendants also be ordered to submit to the Court and serve upon Plaintiff, within thirty (30) days after the entry and service of an injunction, a written report detailing gross sales of any products or services in connection with the Infringing Uses and the RONALD REAGAN Mark, or any word or words confusingly similar thereto.

3.    Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all advertisements, marketing materials, internet web

pages, embossed or engraved products containing the "Trump Reagan" name or any confusingly similar name, and any other materials in their possession, custody or control comprising or containing the Infringing Uses.

4.    Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

5.    Plaintiff recover all damages it has sustained as a result of the activities of Defendants.

6.    Pursuant to 15 U.S.C. § 1117, Plaintiff be awarded treble damages and attorneys' fees for willful infringement.

7.    An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

8.    Plaintiff be awarded statutory damages resulting from Defendants' unauthorized use and registration of the TRUMPREAGAN.COM, TRUMPREAGAN.US and REAGANTRUMP.COM domain names pursuant to 15 U.S.C. § 1117;

9.    Plaintiff be awarded statutory damages or compensatory damages resulting from Defendants' unauthorized use of President Reagan's name and likeness in  connection with the sale of goods, whichever is greater, pursuant to California Civil Code § 3344.1;

10.    Plaintiff be awarded disgorgement of Defendants' profits pursuant to California Civil Code § 3344.1;

11.    Plaintiff be awarded compensatory damages caused by Defendants' unlawful infringement and use;

12.    Defendants' unlawful business conduct be preliminary and permanently

enjoined pursuant to California Business & Professions Code § 17200 *et seq.*, including barring the use of "Trump Reagan" in connection with any website, barring the solicitation of funds under the Reagan name, barring the labeling of goods or services under the phrase "Trump Reagan," and barring any other infringement of rights held by the Reagan Foundation;

13. Plaintiff be awarded restitution pursuant to California Business & Professions Code § 17200 *et seq.*;

14. Plaintiff be awarded punitive damages pursuant to Civil Code §§ 3294(a) and 3344.1;

15. Plaintiff be awarded its costs and fees related to this action, including, but not limited to, reasonable attorneys' fees.

16. Plaintiff be awarded pre-judgment and post-judgment interest.

17. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: June 30, 2021

NORTON ROSE FULBRIGHT US LLP

By    /s/ Brian A. Sun
BRIAN A. SUN
PHILLIP R. DI TULLIO
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:    (213) 892-9494
brian.sun@nortonrosefulbright.com
phillip.ditullio@nortonrosefulbright.com

Attorneys for Plaintiff
THE RONALD REAGAN PRESIDENTIAL FOUNDATION AND INSTITUTE

# **DEMAND FOR JURY TRIAL**

Plaintiff the Ronald Reagan Presidential Foundation and Institute hereby demands trial by jury on all claims and issues so triable.

Dated: June 30, 2021

**NORTON ROSE FULBRIGHT US LLP**


By ___/s/ Brian A. Sun_____

BRIAN A. SUN

DOCUMENT PREPARED ON RECYCLED PAPER

## <u>VERIFICATION</u>

I, John Heubusch, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

I have read the foregoing Verified Complaint for Injunctive Relief and Damages, and know the document's contents.

I am the Executive Director of Plaintiff The Ronald Reagan Presidential Foundation and Institute, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe that the facts stated in the foregoing document are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of June, 2021 in Simi Valley, California.

JOHN HEUBUSCH

DOCUMENT PREPARED
ON RECYCLED PAPER