1  BRIAN A. SUN (BAR NO. 89410)
   PHILLIP R. DI TULLIO (BAR NO. 324267)
2  **NORTON ROSE FULBRIGHT US LLP**
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, California 90071
4  Telephone: (213) 892-9200
   Facsimile: (213) 892-9494
5  brian.sun@nortonrosefulbright.com
   phillip.ditullio@nortonrosefulbright.com
6
7  Attorneys for Plaintiff
   THE RONALD REAGAN PRESIDENTIAL
8  FOUNDATION AND INSTITUTE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RONALD REAGAN PRESIDENTIAL FOUNDATION AND INSTITUTE, a California Non-Profit Public Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>POLITICAL MEDIA, INC., a Virginia Corporation; CONSTITUTIONAL RIGHTS PAC, an I.R.S. Code Section 527 Organization; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05327-PA-MAR<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR:**<br>**(1) TEMPORARY RESTRAINING ORDER;**<br>**(2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND**<br>**(3) EXPEDITED DISCOVERY**<br><br>**Judge:** Hon. Percy Anderson<br>**Hearing:** TBD<br>**Time:** TBD<br>**Courtroom:** 9A |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 65; Central District of California Local Rules 7-19 and 65-1; 15 U.S.C. §§ 1114, 1116, and 1125; California Civil Code § 3344.1; California Business and Professions Code § 17200, et seq.; and other applicable law, Plaintiff The Ronald Reagan Presidential Foundation and Institute (the "Reagan Foundation")  hereby apply *ex parte* for an Order Issuing a Temporary Restraining Order against Defendants Political Media Inc. ("Political Media"), the Constitutional Rights PAC ("CRPAC") (collectively "Defendants"), and all persons and/or entities acting on their behalf, for their benefit, or in active concert or participation with them, for an Order to Show Cause Regarding Preliminary Injunction, and for Expedited Discovery.

Immediate injunctive relief is needed to protect the Reagan Foundation's trademarks and the name, image, and likeness of President Reagan—all of which are owned by the Reagan Foundation—from Defendants' ongoing infringing activities associated with its use of these trademarks and President Reagan's name and image in connection with the sale of Defendants' politically-related products.  Specifically, Defendants have infringed upon the mark RONALD REAGAN in various stylizations and forms, including U.S. Trademark Registration No. 5,167,497 for the mark RONALD REAGAN, and U.S. Trademark Registration No. 3,933,461 for the mark RONALD REAGAN stylized in the form of President Reagan's signature (collectively referred to as the "Ronald Reagan Mark").  Because Defendants' conduct constitutes infringement and violation of state and federal laws, and the fact that Defendants have completely ignored the Reagan Foundation's demands that they immediately cease this activity, the Reagan Foundation is entitled to a temporary restraining order.  The Reagan Foundation has a strong likelihood of success on the merits of its claims.  Further, unless the Reagan Foundation is granted injunctive relief, it will suffer irreparable harm.  The balance of hardships and the public interest also favor the Reagan Foundation.  The proper scope of injunctive relief is a

temporary restraining order and injunction barring Defendants from further use of the Ronald Reagan Mark and President Reagan's name, image, and likeness in connection with its marketing and sale of its products and fundraising efforts.

Specifically, the Reagan Foundation seeks the following injunctive relief:

1. Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from:

    (a) Engaging in the Infringing Uses and the use of any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Ronald Reagan Mark, including, without limitation, "Trump Reagan";

    (b) Advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all internet web pages, advertisements, marketing or promotional materials, signage, banners, invoices, pamphlets, leaflets, flyers and the like comprising or containing the Infringing Uses or the Ronald Reagan Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Ronald Reagan Mark;

    (c) Registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source comprising or containing the Infringing Uses, or the Ronald Reagan Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Ronald Reagan Mark;

    (d) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the Ronald

DOCUMENT PREPARED ON RECYCLED PAPER

Reagan Mark;

(e) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Plaintiff's trademark rights in the Ronald Reagan Mark, or to confuse, mislead, or deceive members of the public as to sponsorship, approval or affiliation of Plaintiff by, with, or of Defendants, and;

(f) Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Consistent with paragraph (1) above, Defendants be ordered to remove from display any advertisements or marketing materials comprising or containing the Infringing Uses or bearing or depicting the Ronald Reagan Mark, or any word or words confusingly similar thereto, including all internet web pages. Defendants also be ordered to submit to the Court and serve upon Plaintiff, within thirty (30) days after the entry and service of an injunction, a written report detailing gross sales of any products or services in connection with the Infringing Uses and the Ronald Reagan Mark, or any word or words confusingly similar thereto.

3. Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all advertisements, marketing materials, internet web pages, embossed or engraved products containing the "Trump Reagan" name or any confusingly similar name, and any other materials in their possession, custody or control comprising or containing the Infringing Uses.

4. Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

The Reagan Foundation also seeks expedited discovery on the grounds that good cause exists under Federal Rule of Civil Procedure 26(d). Each of the factors

listed under Rule 26(d) cuts in favor of permitting expedited discovery. Specifically, a preliminary injunction has not yet been issued, and this limited discovery will be needed before the preliminary injunction can be fully briefed and its proper scope can be determined by the Court. Also, the purpose of the discovery—which would take the form of limited interrogatories, document requests, and depositions—is to ensure that (1) electronic evidence that is material to this litigation is not altered, deleted, destroyed, or otherwise lost in the ordinary course of Defendants' business, (2) that funds made by Defendants by using the Ronald Reagan Mark or name and likeness of President Reagan would be diverted before discovery could commence, and (3) that Defendants immediately identify and remove all advertisements, solicitations, or newsletters containing the Ronald Reagan Mark or the name and likeness of President Reagan. *See Grooms v. Legge*, 2009 WL704644, at *12 (S.D. Cal. Mar. 17, 2009) (granting application for temporary restraining order and request for expedited discovery where plaintiffs raised concerns that funds would be diverted without immediate discovery). Further, the burden on Defendants is minimal because Defendants would be required to provide this information in the normal course of discovery regardless, and the inquiry can be conducted during normal business hours. *See Synopsys, Inc. v. AzurEngine Tech., Inc.*, 401 F. Supp. 3d 1068, 1077 (S.D. Cal. 2019) (finding that expedited discovery would not be a burden on Defendants when the inquiry could be conducted during regular business hours and the information sought would have to be provided during the litigation). Lastly, the discovery requests are being made at earliest possible time available to Plaintiff, so this factor also cuts in favor of expedited discovery.

The Reagan Foundation's *ex parte* Application for an Order Issuing a Temporary Restraining Order is based upon this Application, the Memorandum of Points and Authorities, the Declarations of Linda M. Merritt, Brian A. Sun, and Jerry Zuk, and the exhibits attached thereto, the Verified Complaint for Injunctive Relief and Damages, Plaintiff's Request for Judicial Notice in Support of this Application,

the pleadings and papers on file with the Court, the argument of counsel, and any other matter that the Court deems proper.  Pursuant to Local Rules 7-19 and 65-1, and the Standing Order of this Court, counsel for the Reagan Foundation notified Defendants of its intent to file this Application, and asked Defendants if they intended on opposing the Application.  As of the time of filing, Defendants have not indicated whether or not they intend to oppose this Application.

Dated: July 1, 2021              **NORTON ROSE FULBRIGHT US LLP**

By  */s/ Brian A. Sun*
BRIAN A. SUN
PHILLIP R. DI TULLIO
Attorneys for Plaintiff
    THE RONALD REAGAN PRESIDENTIAL FOUNDATION AND INSTITUTE