UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RONALD REAGAN PRESIDENTIAL FOUNDATION AND INSTITUTE, a California Non-Profit Public Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>POLITICAL MEDIA, INC., a Virginia Corporation; CONSTITUTIONAL RIGHTS PAC, an I.R.S. Code Section 527 Organization; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05327-FLA (MARx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR:<br>(1) TEMPORARY RESTRAINING ORDER; (2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND (3) EXPEDITED DISCOVERY [DKT. 11]**<br><br>Hon. Fernando L. Aenlle-Rocha |

1    On July 1, 2021, Plaintiff The Ronald Reagan Presidential Foundation and
2 Institute (the "Reagan Foundation") filed an Ex Parte Application for a Temporary
3 Restraining Order, Order to Show Cause Why Preliminary Injunction Should Not
4 Issue, and Order for Expedited Discovery (the "Application") and a Request for
5 Judicial Notice in Support of the Application (the "Request for Judicial Notice").
6    Plaintiff's counsel, Brian A. Sun ("Sun"), attests Plaintiff sent email
7 communications to Defendants' counsel, Christopher Woodfin of Woodfin Law
8 Office PLLC ("Woodfin"), regarding the Application.  Dkt. 11-4 (Sun Decl.) at ¶¶
9 4-8.  According to Sun, Plaintiff provided Woodfin with a copy of the Application
10 and related documents on June 30, 2021, informed Woodfin that Plaintiff intended
11 to file the Application on July 1, 2021, and asked Woodfin if Defendants intended
12 to oppose the Application.  *Id.* ¶ 8, Ex. C.  Woodfin responded on July 1, 2021
13 asking for additional time to respond.  *Id.* ¶ 9.  Defendants, however, did not state,
14 as requested, whether they intended to oppose the Application and have not filed an
15 opposition to the Application as of the date of this Order.  Accordingly, Plaintiff's
16 evidence is sufficient to demonstrate it provided Defendants with notice of the
17 Application, as required by Fed. R. Civ. P. 65(b)(1).

18                    **TEMPORARY RESTRAINING ORDER**

19    Plaintiff contends immediate injunctive relief is needed to protect the Reagan
20 Foundation's trademarks and the name, image, and likeness of President Reagan
21 from Defendants' ongoing infringing activities in connection with the sale of
22 Defendants' politically-related products.  Dkt. 11 at 2.  Defendants did not file an
23 opposition to the Application, despite receiving notice through their counsel, and do
24 not appear to challenge Plaintiff's request.  *Id.*
25    The court having considered the Application, the Verified Complaint filed in
26 this action, the Declarations with attached exhibits submitted, the Points and
27 Authorities filed in support of Plaintiff's Application, and the Request for Judicial
28 Notice, and good cause appearing therefor, orders as follows:

1. Plaintiff is ORDERED to deposit with the court a security in the amount of $15,000 (the "Security"), which the court estimates to be the reasonable costs and damages Defendants may sustain if they are found to have been wrongfully enjoined or restrained. *See* Fed. R. Civ. P. 65(c).

2. Upon deposit of the Security, Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them are preliminarily enjoined and restrained from:

    (a) Using President Ronald Reagan's name and image in connection with the Trump Reagan website (www.trumpreagan.us) and Defendants' business activities in the sale of email addresses, products and services, or the solicitation of donations (the "Infringing Uses") and the use of any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to U.S. Trademark Registration Nos. 3,933,461 and 5,167,497 (the "Ronald Reagan Mark"), including, without limitation, "Trump Reagan" or "Reagan Trump";

    (b) Advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all internet web pages, advertisements, marketing or promotional materials, signage, banners, invoices, pamphlets, leaflets, flyers and the like comprising or containing the Infringing Uses or the Ronald Reagan Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Ronald Reagan Mark;

    (c) Registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source comprising or containing the Infringing Uses, or the Ronald Reagan Mark (or any variation thereof,

whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Ronald Reagan Mark;

(d) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the Ronald Reagan Mark;

(e) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Plaintiff's trademark rights in the Ronald Reagan Mark, or to confuse, mislead, or deceive members of the public as to sponsorship, approval or affiliation of Plaintiff by, with, or of Defendants; and

(f) Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

3. Consistent with paragraph (2) above, Defendants are ordered to remove from display any advertisements or marketing materials comprising or containing the Infringing Uses or bearing or depicting the Ronald Reagan Mark, or any word or words confusingly similar thereto, including all internet web pages.

4. This Temporary Restraining Order shall last until July 26, 2021 at 5:00 p.m. or until any subsequent date mutually agreed upon by the parties.

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

1. The court sets a hearing on Plaintiff's Motion for Preliminary Injunction for Friday, July 23, 2021 at 1:30 p.m. in Courtroom 6B of the First Street U.S. Courthouse, located at 350 West 1st Street, Los Angeles, CA 90012-4565.

2. Plaintiff may file documents in support of its Motion for Preliminary Injunction by July 12, 2021 at 9:00 a.m. If Plaintiff does not file any additional documents, the court will treat the Application as the moving papers.

1       3.      Defendants may file and serve their opposition to Plaintiff's Motion
2 for Preliminary Injunction by July 19, 2021 at 5:00 p.m.
3       4.      Plaintiff's reply is to be served on Defendants and filed with this court
4 no later than July 21, 2021 at 5:00 p.m.

**REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION**

First, Plaintiff requests the court grant expedited discovery under Fed. R. Civ. P. 26(d). "Rule 26(d) of the Federal Rules of Civil Procedure generally prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f). [Citation.] In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed prior to a Rule 26(f) conference." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* "While 'courts have recognized that good cause is frequently found in cases involving infringement and unfair competition,' expedited discovery is not appropriate in every case." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

"In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* "The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from the usual discovery procedures." *Id.*

Here, Plaintiff requests the court order Defendants to:

1.      Identify all solicitations, advertisements, or fundraising efforts, including but not limited to those sent through email, mail, online link,

or website, which use or refer to the Ronald Reagan Mark or the name, image, or likeness of President Ronald Reagan;

2. Produce all documents referring or relating to any solicitations, advertisements, or fundraising efforts, including but not limited to those sent through email, mail, online link, or website, which use or refer to the Ronald Reagan Mark or the name, image, or likeness of President Ronald Reagan;

3. Produce all documents identifying any and all recipients of any solicitations, advertisements, or fundraising efforts, including but not limited to those sent through email, mail, online link, or website, which use or refer to the Ronald Reagan Mark or the name, image, or likeness of President Ronald Reagan;

4. Identify and produce all documents demonstrating all donations, payments, or monies received by Defendants relating to, or as a result of, any solicitations, advertisements, or fundraising efforts, including but not limited to those sent through email, mail, online link, or website, which use or refer to the Ronald Reagan Mark or the name, image, or likeness of President Ronald Reagan;

5. Identify each person and entity which consulted, advised, or otherwise assisted Defendants in preparing or distributing any solicitations, advertisements, or fundraising efforts, including but not limited to those sent through email, mail, online link, or website, which use or refer to the Ronald Reagan Mark or the name, image, or likeness of President Ronald Reagan;

6. Produce all documents consisting of communications relating or referring to any solicitations, advertisements, or fundraising efforts, including but not limited to those sent through email, mail, online link, or website, which use or refer to the Ronald Reagan Mark or the name,

|   |   |   |
|---|---|---|
| 1 |   | image, or likeness of President Ronald Reagan; |
| 2 | 7. | Produce all documents constituting communications relating or |
| 3 |   | referring to any solicitations, advertisements, or fundraising efforts, |
| 4 |   | including but not limited to those sent through email, mail, online link, |
| 5 |   | or website, which use or refer to the Ronald Reagan Mark or the name, |
| 6 |   | image, or likeness of President Ronald Reagan, which were sent or |
| 7 |   | received by Lawrence "Larry" Ward, Carter Clews, Jesse Benton, and |
| 8 |   | any and all employees, agents, or representatives of Defendants; and |
| 9 | 8. | Present themselves for deposition at a location to be designated by |
| 10 |   | counsel for Plaintiff within 7 days' notice by the Reagan Foundation. |

Dkt. 11-5 at 5-7.

Plaintiff contends good cause exists because the requested discovery will be needed before the preliminary injunction can be fully briefed and its proper scope can be determined by the court.  Dkt. 11-1 at 24.  Plaintiff further argues the discovery is to ensure that "(1) electronic evidence that is material to this litigation is not altered, deleted, destroyed, or otherwise lost in the ordinary course of Defendants' business, (2) that funds made by Defendants by using the Ronald Reagan Mark or name and likeness of President Reagan would [not] be diverted before discovery could commence, and (3) that Defendants immediately identify and remove all advertisements, solicitations, or newsletters containing the Ronald Reagan Mark or the name and likeness of President Reagan." *Id.* at 24-25.

The court finds Plaintiff has failed to demonstrate the requisite good cause to justify expedited discovery.  Plaintiff has not clearly shown that the information it seeks is needed on an expedited basis to obtain or define the scope of a preliminary injunction.  The Application clearly demonstrates Plaintiff has already ascertained the identities of the entities and individuals allegedly responsible for the conduct it seeks to enjoin, Dkt. 11 at 2, Dkt. 11-1 at 22-23, and Plaintiff has not articulated any specific missing evidence essential for injunctive relief.  *See Rovio*, 907 F.

Supp. 2d at p. 1100. Nor has Plaintiff shown it may lose evidence or suffer other irreparable harm if discovery were to proceed in the normal course of pretrial activity. Accordingly, Plaintiff fails to demonstrate that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *See Rovio*, 907 F. Supp. 2d at 1099.

Furthermore, while Plaintiff characterizes its request for expedited discovery as "limited" in scope, Plaintiff seeks an order requiring Defendants to identify and produce *any and all* documents relevant to this action within 14 days of the court's temporary restraining order and requiring Defendants to appear for deposition within 7 days of any date Plaintiff chooses to make its request—all before Defendants have even been served with the Complaint. The sheer breadth of the requests and the fact that Plaintiff has made this request before demonstrating service of the Complaint strongly militate against granting the requested discovery. *See Rovio, id.* Accordingly, the court DENIES Plaintiff's request for expedited discovery.

Second, Plaintiff requests the court order Defendants to "preserve all originals and copies of hard copy and electronic evidence, including but not limited to all disks, personal data assistants, hard drives, virtual hard drives, online storage and other electronic storage devices in [their] possession, custody, or control to which they had or have access and on which relevant information may currently or have previously existed." Dkt. 11-5 at 7.

Plaintiff's request for the preservation of evidence is reasonable. *See* Fed. R. Civ. P. 37(e) (establishing sanctions for a party's failure to preserve electronically stored information that should have been preserved in the anticipation of litigation). The court, therefore, GRANTS Plaintiff's preservation request.

/ / /

/ / /

/ / /

## **CONCLUSION**

For the above reasons:

1. The court GRANTS IN PART Plaintiff's request for a Temporary Restraining Order, which shall take effect upon Plaintiff's deposit of a security in the amount of $15,000 with the court and service of this Order upon Defendants and which shall last until July 26, 2021 at 5:00 p.m. or any subsequent date mutually agreed upon by the parties;

2. The court SETS a hearing on Plaintiff's Motion for Preliminary Injunction for Friday, July 23, 2021 at 1:30 p.m. along with a briefing schedule for the motion; and

3. The court ORDERS Defendants to preserve all originals and copies of hard copy and electronic evidence, including but not limited to all disks, personal data assistants, hard drives, virtual hard drives, online storage, and other electronic storage devices in Defendants' possession, custody, or control to which they have or have had access and on which relevant information may currently or have previously existed.

4. The Application is otherwise DENIED.

IT IS SO ORDERED.

DATED: July 7, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge

cc: Fiscal Services